09-3326-ag
*Ahmad v. Holder*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand and ten.

PRESENT: ROBERT D. SACK,
         ROBERT A. KATZMANN
         RICHARD C. WESLEY,
                  *Circuit Judges.*

―――――――――――――――――――――――――――――

SALAWDEEN AHMAD, a.k.a. NASIR AHMAD AKRAME, a.k.a. NASIR AHMAD AKRAMI,

                  *Petitioner,*

         -v.-                          09-3326-ag

ERIC H. HOLDER, JR., United States Attorney General,

                  *Respondent.*

―――――――――――――――――――――――――――――

1

FOR PETITIONER:    H. RAYMOND FASANO, Madeo & Fasano, New York, NY.

FOR RESPONDENT:    TONY WEST, Assistant Attorney General, Civil Division; MARY JANE CANDAUX, Assistant Director; LAURA M.L. MAROLDY, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

**UPON DUE CONSIDERATION**, of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **GRANTED.**

Salawdeen Ahmad ("Petitioner"), a native and citizen of Afghanistan, seeks review of a July 22, 2009, order of the BIA denying his motion to reopen. *In re Salawdeen Ahmad*, No. A 029 104 866 (BIA July 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to

2

reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).

The crux of Petitioner's claim is that the circumstances in Afghanistan with respect to "Westerners and Pashtuns" have deteriorated, and that if he returns to Afghanistan he will face "harassment, intimidation, violence and persecution" because he is an ethnic Pashtun.  He also claims that his extended stay in the United States has created the risk that he will be perceived as a "Westerner" and persecuted on that basis.

We find that the Board did not abuse its discretion in denying Petitioner's motion to reopen on the grounds that he faces persecution as an ethnic Pashtun.  The Board observed that the 2008 Country Report relied upon by the Petitioner to support his motion belied his claim that ethnic Pashtuns are subject to persecution in Afghanistan.  In particular, it found that Pashtuns are able to pass freely at border crossings while Hazaras – another ethnic group – must

3

occasionally pay bribes. The Board also pointed to evidence that President Karzai (himself a Pashtun) has been accused of providing preferential treatment to Pashtuns. In addition, the BIA found no merit to Petitioner's claim that he will face persecution from the Taliban; Petitioner himself states that his family members were supporters of the Mujahideen, the predecessor group to the Taliban.

However, we agree with Petitioner that the BIA abused its discretion in neglecting to sufficiently analyze his assertion that he will be persecuted as a perceived Westerner. Whether "Westerners" – or "perceived Westerners" – constitutes a "particular social group" within the meaning of the Immigration and Nationality Act ("INA") is a question of statutory interpretation that lies, in the first instance, with the BIA. *See* 8 U.S.C. § 1101(a)(42)(A). To that end, it has adopted a test to evaluate whether a group of individuals is a "particular social group" entitled to protectable status for the purposes of asylum and withholding. *In re Acosta*, 19 I. & N. Dec. 211, 232-34 (BIA 1985); *see also In re C-A-,* 23 I. & N. Dec. 951 (BIA 2006) (reaffirming and clarifying the *Acosta* test).

Instead of engaging in that analysis, the BIA summarily

4

dismissed Petitioner's claim and stated simply that "[t]he applicant does not ... refer to any authority which finds 'Westerners' to be a particular social group." Pet. App. at 3 (denial of motion to reopen). That was error. The BIA failed to engage in even a minimal level of analysis, thereby depriving this Court of the ability to subject its decision to meaningful review.[1] *See Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir. 2006). "A court of appeals is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (per curiam) (internal quotation marks and citations omitted).

---

[1] We also note that, to the extent the Board's conclusory assertion can be read as requiring Petitioner to identify specific precedent identifying "Westerners" as a particular social group in Afghanistan, it is an erroneous characterization of its role in adjudicating these matters. Whether a group of individuals falls within the parameters of the statute is necessarily a contextual and fact-specific inquiry, and case law will not always be helpful, much less required. "This is especially true because the BIA rarely states whether or not a *particular* group is [protected] under the INA ..." *Ucelo-Gomez v. Gonzales*, 464 F.3d 163, 171 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is GRANTED and the case REMANDED for further proceedings consistent with this order.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk